UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUSSELL D. PALMER,                              :

              Petitioner,                :       04 Civ. 01414 (RMB) (DF)

   -against-                                   :       **MEMORANDUM AND ORDER**

WILLIAM PHILLIPS,                               :

              Respondent.                :
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      On February 8, 2005, this Court denied *pro se* petitioner Russell Palmer ("Petitioner") leave to amend his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prejudice to renew at such time as Petitioner's two new claims were fully exhausted. (Order, dated February 8, 2005 (Dkt. 15).) By a subsequent submission dated April 11, 2005 (Dkt. 16), Petitioner again sought to amend his petition, informing the Court that he had by then exhausted his two additional claims by raising them in motions to vacate the judgment, pursuant to New York Criminal Procedure Law § 440.10, and appealing the denial of those motions to the Appellate Division, First Department. (*See* Affidavit to Amend the Petition ("Proposed Amendment"), dated April 11, 2005 (Dkt. 16), at 1-3; Letter to the Court from Petitioner, dated May 9, 2005 (Dkt. 18).) Respondent opposed Petitioner's renewed motion to amend, arguing that, in the state court, Petitioner had a history of repeatedly adding new claims, and that he should not be permitted to continue to engage in such "piecemeal" litigation here. (*See* Letter to the Court from Nancy Killian, Esq., dated April 20, 2005 (Dkt. 17).)

      While Petitioner's renewed motion to amend was pending, the Court received a further submission from Petitioner, requesting that the Court hold this action "in abeyance" until

Petitioner had exhausted yet another claim in state court. (Letter to the Court from Petitioner, dated June 4, 2005 ("Pet. 6/4/05 Ltr.").) Respondent has not yet responded to this most recent request by Petitioner, although Respondent's counsel has informed my chambers that it would oppose any further attempts by Petitioner to add new claims to his habeas petition.

For the reasons discussed below, Petitioner's renewed motion to amend is denied, regardless of whether the two new claims addressed by that motion are now exhausted, as the proposed claims are time-barred and Petitioner has not demonstrated any basis for relief from the governing statute of limitations. As for Petitioner's further motion to stay these proceedings pending exhaustion of another new claim, that motion is also denied, without prejudice to renew upon an adequate showing of good cause for the failure to exhaust, and that the claim would be both timely and potentially meritorious.

I. **PETITIONER'S RENEWED MOTION TO AMEND**

The first claim that Petitioner seeks to add to his petition by way of his renewed motion to amend appears to be comprised of two components: (1) that Petitioner was deprived of his Fourth and Fourteenth Amendment rights by the trial court's determination that the police had probable cause to detain and arrest Petitioner, and (2) that trial counsel was ineffective to the extent that counsel failed to provide Petitioner with a copy of the trial court's ruling on this issue, so that the ruling could be challenged on appeal. (*See* Proposed Amendment, at 4-23.)

Petitioner's second proposed new claim similarly appears to contain two components: (1) that the jury "was contaminated by extraneous influences," depriving Petitioner of his rights under the Sixth and Fourteenth Amendments, and (2) that trial counsel's failure to request a mistrial in light of the alleged jury contamination deprived Petitioner of the effective assistance of counsel. (*See* Proposed Amendment at 24-29.)

2

Pursuant to 28 U.S.C. § 2242, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 11 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules."). Where a party seeks to amend after a responsive pleading has been filed, that party "may amend [his] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[I]t is well-established that a district court should normally permit amendment absent futility, undue delay, bad faith or dilatory motive, or undue prejudice." *Masotto v. United States*, 205 F.3d 1323 (Table), No 97-2894, 2000 WL 19096, at *2 (2d Cir. Jan. 5, 2000) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *Douglas v. Walker*, No. 99 Civ. 3626 (VM) (KNF), 2000 WL 943509, at *2 (S.D.N.Y. July 7, 2000); *Petito v. Artuz*, No. 97 Civ. 8758 (LAP) (KNF), 1998 WL 883306, at *1-2 (S.D.N.Y. Dec. 17, 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-13, 110 Stat. 1214, a petitioner must file his petition within a one-year period of limitation commencing from the latest of four dates, the relevant one here being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Where new claims would be barred by the statute of limitations, a petitioner may amend a petition for a writ of habeas

---

[1] Where applicable, the other dates on which the limitations period will commence are: (1) where the petitioner was prevented from filing an application by State action, the date on which the impediment created by State action is removed; (2) where the right asserted is a newly recognized one by the Supreme Court made retroactively applicable to cases on collateral review, the date on which the constitutional right asserted was initially recognized by the Supreme Court; and (3) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

corpus to add such claims only if the amendment "relates back" to the original petition. *See* Fed. R. Civ. P. 15(a), (c); *Fama v. Comm'r of Corr. Servs.*, 235 F.2d 804, 815 (2d Cir. 2000). An amendment "relates back to the date of the original pleading when. . . the claim. . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civil P. 15(c)(2). Whether a claim "arose out of" the same conduct or occurrence depends on "whether the original complaint gave the defendant fair notice of the newly alleged claims." *Fama*, 235 F.2d at 815 (citing *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1998).

Here, the claims that Petitioner seeks to add are time-barred and do not relate back to the date of his original petition. Petitioner's conviction became final on April 30, 2003, when Petitioner's time to file a petition for writ of certiorari expired, and the AEDPA statute of limitations expired one year later, on April 30, 2004. The proposed amendment, dated April 11, 2005, is therefore time-barred. (*See* Proposed Amendment.) Further, the amendment cannot be deemed to relate back to the petition because the claims proposed by the amendment arise out of facts and conduct not alleged in the original petition. Because the petition fails to allege facts related to Petitioner's new claims of lack of probable cause, contamination of the jury, or ineffective assistance of trial counsel, Respondent cannot be deemed to have had "fair notice" of the claims.

Moreover, Petitioner does not suggest that his new claims arise from newly-discovered evidence or that he was somehow prevented from raising these new claims sooner, so that a different date should be used to calculate the AEDPA limitations period under 28 U.S.C. § 2244(d)(1)(D). *Compare Escobar v. Senkowski*, No. 02 Civ. 8066 (LAK) (THK), 2004 U.S.

Dist. LEXIS 14515 (S.D.N.Y. July 28, 2004) (denying leave to amend where it was "apparent" that petitioner could have raised claim of ineffective assistance of trial counsel in New York Criminal Procedure Law § 440 motion, on direct appeal, or in petitioner's earlier *coram nobis* proceeding) with *Rodriguez v. Portunodo*, No. 01 Civ. 547 (GEL), 2003 U.S. Dist. LEXIS 22660 (S.D.N.Y. Dec. 15, 2003) (granting leave to amend where petitioner claimed to have discovered new evidence indicating unduly suggestive procedure in photographic line-up from which witnesses falsely identified petitioner).

Finally, the Court notes that this is not the type of situation contemplated by *Zarvela v. Artuz,* 254 F.3d 374, 380-82 (2d Cir. 2001), which suggested that, in the Court's discretion, it may be preferable to stay federal habeas proceedings, rather than dismiss timely-filed exhausted claims, merely because the petitioner had not yet been able to exhaust other claims raised in the same petition. *See also Rhines v. Weber,* 125 S. Ct. 1528 (2005) (approving the use of a stay in limited circumstances). In this case, the petition was submitted and fully responded to by Respondent, long before Petitioner ever suggested adding further claims that could have been raised at the time of the initial petition. In this circumstance, permitting the proposed amendment at this juncture would thwart the purpose of the one-year limitations period set forth in AEDPA, and encourage "dilatory litigation tactics." *See id.* at 1535.

Because each of the claims that Petitioner asserts in his proposed amendment are time-barred, Petitioner's renewed request for leave to amend is denied.

## II. PETITIONER'S REQUEST THAT THESE PROCEEDINGS BE HELD IN ABEYANCE

As for Petitioner's most recent request for a stay, so as to enable him to exhaust still another claim not originally pleaded, the Court notes that Petitioner has not clearly stated the

Copies to:

Hon. Richard M. Berman, U.S.D.J.

Mr. Russell Palmer
# 01-A-0821
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY  12582

Nancy D. Killian, Esq.
Office of the District Attorney, Bronx County
198 East 161st Street
Bronx, NY  10451

basis of this new claim, noting only that it concerns his sentence "under the new drug laws." (Pet. 6/4/05 Ltr.) It appears from this reference that Petitioner may be seeking to have his sentence reduced as a result of the 2004 modifications to the sentencing requirements of certain New York state drug laws. If this is the case, Petitioner may not have been able to raise his claim before the state court until he actually did, in December 2004. (*See id.*) Petitioner, however, has not articulated this, and even if he could not have raised the claim earlier than he did, this would not alone be sufficient to justify a stay of these proceedings.

In *Rhines*, the Supreme Court cautioned that, even where good cause exists for a petitioner's failure to exhaust his claim in state court, a federal habeas proceeding should not be stayed pending exhaustion when the claim is "plainly meritless." 125 S. Ct. at 1535. Here, Petitioner has made no showing as to why a *federal* habeas claim regarding his sentence would potentially have merit.

Accordingly, under the circumstances presented, Petitioner's motion to stay these proceedings is denied, without prejudice to renew upon an adequate showing (1) of good cause for Petitioner's failure to exhaust his sentencing claim, (2) that the claim either relates back to Petitioner's originally-pleaded claims, or that Petitioner was unable to raise this additional new claim in his original petition, and (3) that the claim is potentially meritorious as a federal habeas claim.

Dated: New York, New York
       July 5, 2005

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

6